**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3101-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EVENS DUMAS,

     Defendant-Appellant.

_____

Submitted April 16, 2024 – Decided April 23, 2024

Before Judges Mayer and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-04-0466.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Robert K. Uyehara, Jr., Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Evens Dumas appeals from an April 29, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In April 2015, a grand jury indicted defendant on charges of conspiracy, burglary, robbery, murder, felony murder, possession of a weapon for an unlawful purpose, possession of a handgun without a permit, and hindering.

Prior to trial, the judge held a Miranda[1] hearing to determine whether defendant's statement to the police was admissible. At the conclusion of that hearing, the judge found defendant knowingly, intelligently, and voluntarily waived his Miranda rights and, therefore, determined defendant's statement would be admissible at trial.

Thereafter, defendant agreed to plead guilty to first-degree murder. In exchange for his plea, the State agreed to recommend "the mandatory extended term under the Graves Act," N.J.S.A. 2C:43-6, which was "[thirty-five] years [of imprisonment] with [thirty-five] years of parole ineligibility." Under the plea agreement, defendant would have to serve the entire thirty-five-year sentence without parole.

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3101-21

Prior to the plea hearing, defendant signed the required plea forms. On the standard plea form, defendant answered "YES" to Question Seven, which asked, "Did you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?" However, the subparts to that question, indicating (1) the minimum and maximum mandatory period of parole ineligibility and (2) the minimum and maximum mandatory extended term of imprisonment, were left blank.

Question Thirteen on the standard plea form asked defendant to "[s]pecify any sentence the prosecutor has agreed to recommend." Handwritten below this question was the following statement: "Thirty[-]five (35) years [in] New Jersey State Prison with a 35[-]year period of parole ineligibility pursuant to the Graves Act. Defendant does not dispute he is subject to mandatory Graves Act extended term." Defendant placed his initials in the lower right-hand corner on this page of the plea form.

Defendant also completed the supplemental plea form pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Question One on the supplemental plea form asked, "Do you understand that because of your plea of guilty to murder, you will be required to serve [eighty-five percent] of the

3

sentence imposed for that offense(s) before you will be eligible for parole on that offense(s)?" Defendant responded, "Yes."

During the May 22, 2018 plea colloquy, the judge asked defendant a series of questions regarding defendant's understanding of the plea. Defendant responded to the judge's questions as follows:

> JUDGE: All right, I [want to] draw your attention to the plea form, which is five pages and there's supplemental pages, [NERA] and the Graves Act. Your signature appears on at least three of those pages. Tell me, is that your signature?
>
> DEFENDANT: Yes, sir.
>
> JUDGE: Did you read the questions before you answered them?
>
> DEFENDANT: Yes.
>
> JUDGE: Did you go over them with [defense counsel]?
>
> DEFENDANT: Yes.
>
> JUDGE: Did [defense counsel] answer all your questions that you had, not just today but throughout all these proceedings?
>
> DEFENDANT: Yes, sir.
>
> . . . .

JUDGE: You understand this sentence requires a mandatory [thirty-five]-year prison term, of which the full [thirty-five] years must be served before parole, do you understand that? Before being—

DEFENDANT: Yes, sir.

Defendant's attorney also examined defendant regarding the plea:

DEFENSE ATTORNEY: Okay, now sir, during our discussion of this plea agreement, which required that you're going to serve [thirty-five] years with—doing every day of [thirty-five] years, is that right?

DEFENDANT: Yes.

At the conclusion of the plea hearing, the judge found defendant "entered this plea . . . freely and voluntarily, knowingly, [and] intelligently." The judge also determined defendant "underst[ood] the mandatory requirements under both the Graves Act and the Repetitive Offender Act, that it is a mandatory [thirty-five]-year period of parole ineligibility and the floor, or the minimum amount of sentence is [thirty-five] years."

On June 29, 2018, the judge sentenced defendant in accordance with the plea agreement. Defendant received a sentence of thirty-five years in prison with a thirty-five-year period of parole ineligibility pursuant to the Graves Act and NERA.

A-3101-21

As part of his guilty plea, defendant reserved the right to appeal the judge's decision deeming his statement to the police admissible at trial. This was the only issue raised by defendant on direct appeal, and we affirmed. State v. Dumas, No. A-2207-18 (App. Div. June 24, 2020) (slip op. at 16-17). Defendant did not file a petition for certification seeking review of our June 24, 2020 decision.

In August 2021, defendant filed a pro se PCR petition, claiming ineffective assistance of counsel. Defendant's appointed PCR counsel filed a supplemental brief in March 2022, arguing defendant's trial counsel was ineffective for failing to advise defendant of the consequences of his plea. Specifically, PCR counsel claimed defendant "was under the impression his sentence would be limited to a [thirty-five]-year prison term with a parole ineligibility period of [eighty-five percent] as indicated in his Supplemental Plea Form for [NERA]." According to PCR counsel, defendant's understanding of his plea "was in conflict with other portions of his plea form where he agreed to a sentence of [thirty-five] years imprisonment with [thirty-five] years of parole ineligibility." PCR counsel asserted defendant suffered prejudice because trial counsel failed to properly advise him regarding the parole ineligibility term.

6

On April 29, 2022, the PCR judge denied defendant's petition for the reasons placed on the record on that date. The PCR judge noted the written plea agreement indicated the State's recommendation of "[thirty-five] years New Jersey State Prison with a [thirty-five]-year period of . . . parole ineligibility, pursuant . . . to the Graves Act." The PCR judge further found that during the plea hearing defendant stated he read the plea forms, reviewed the forms with his trial counsel, and trial counsel answered his questions prior to defendant's plea agreement. After reviewing the plea hearing transcript, the PCR judge concluded defendant understood he faced a period of thirty-five years of imprisonment with thirty-five years of parole ineligibility.

Thus, the PCR judge found defense counsel's performance was not deficient. He further concluded defendant suffered no prejudice as a result of his trial counsel's representation. The judge found "nothing to suggest that the ultimate sentence was incorrect" or that defendant "would have gone to trial or received any less[e]r sentence." Because defendant failed to establish a prima facie case of ineffective assistance of counsel, the PCR judge denied defendant's request for an evidentiary hearing.

A-3101-21

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN DENYING THE PCR PETITION AND ERRONEOUSLY FOUND THAT TRIAL COUNSEL EFFECTIVELY REPRESENTED [DEFENDANT] FOR THE PLEA.

POINT II

THE TRIAL COURT ERRED IN DENYING THE PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

We review a PCR judge's legal conclusions de novo. State v. Harris, 181 N.J. 391, 419 (2004). We apply the same de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing Harris, 181 N.J. at 420-21).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding the right to the assistance of counsel in their defense, which includes "the right to the effective assistance of counsel." State v. Gideon, 244 N.J. 538, 549-50 (2021) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)). Under the two-pronged test set forth in Strickland, a defendant must show

counsel's performance was deficient and the deficiency was prejudicial. Id. at 550 (citing Strickland, 466 U.S. at 687).

"To satisfy the first prong of Strickland, a 'defendant must show that counsel's representation fell below an objective standard of reasonableness.'" State v. Pierre, 223 N.J. 560, 578 (2015) (citations omitted) (quoting Strickland, 466 U.S. at 688). Judicial scrutiny of counsel's performance is "highly deferential," and counsel is entitled to "a strong presumption" of reasonably effective assistance. Id. at 578-79 (quoting Strickland, 466 U.S. at 689).

Under the second Strickland prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). This "is an exacting standard," and a defendant "must 'affirmatively prove prejudice.'" Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008) and Strickland, 466 U.S. at 693).

A defendant seeking to set aside a guilty plea based on ineffective assistance of counsel must show "(i) counsel's assistance was not within the range of competence demanded of attorneys in criminal cases; and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would

not have pled guilty and would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (internal quotation marks removed) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). A defendant cannot create a genuine issue of fact regarding the decision to accept a plea by contradicting prior statements made to the court under oath without explanation. Blake, 444 N.J. Super. at 299.

Having reviewed the record, we reject defendant's ineffective assistance of counsel claim regarding his trial counsel. Even if the blank spaces on the plea forms led defendant to believe he would be eligible for parole after serving eighty-five percent of his sentence, the handwritten words on the plea form expressly confirmed defendant would serve thirty-five years in prison and would not be eligible for parole. In fact, defendant placed his initials on this page of the plea form immediately below the handwritten statement indicating the prosecutor's recommendation regarding sentencing.

Further, defendant told the plea hearing judge that he reviewed the information on the plea forms with his attorney and counsel answered all of his questions. Moreover, during the plea hearing, defendant's counsel remedied any possible confusion concerning the plea by asking if defendant understood he would have to serve thirty-five years in prison and would not be eligible for

10

parole. Defendant stated he understood. The judge also questioned defendant on this same point. Again, defendant stated he understood.

On this record, there were no contradictions or inconsistencies in defendant's signed plea form regarding parole ineligibility. Any omission in the plea forms regarding defendant's ineligibility for parole was resolved by defendant's responses to the questions posed by the judge and defense counsel during the plea hearing. Because the judge and defense counsel informed defendant that his entire thirty-five-year sentence must be served without parole, trial counsel was not ineffective in communicating the consequences of the plea and defendant's ineligibility for parole.

Additionally, defendant provided no evidence he would have insisted on going to trial but for the parole issue. Had he gone to trial, defendant faced a possible sentence of life imprisonment for murder, which included a potential sixty-three years without parole under NERA. Further, on the first-degree robbery counts, if defendant had gone to trial, he faced up to twenty years of imprisonment on each robbery count with a seventeen-year period of parole ineligibility. By pleading guilty to murder, defendant received an extremely favorable sentence as well as the State's agreement to dismiss all other charges. Defendant failed to present any evidence he would have proceeded to trial. He

11

also risked a more severe sentence than the sentence imposed under the negotiated plea agreement.

Because we are satisfied defendant failed to demonstrate a prima facie case for his ineffective assistance of counsel claim, defendant was not entitled to an evidentiary hearing on his PCR petition. State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3101-21